IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HENRY LEE RUDOLPH,<br><br>             Plaintiff,<br><br>v.<br><br>TIMOTHY R. HANSON et al.,<br><br>             Defendants. | **MEMORANDUM DECISION & ORDER REQUIRING SERVICE OF PROCESS**<br><br><br>Case No. 2:14-CV-883 CW<br><br>District Judge Clark Waddoups |

Plaintiff, Henry Lee Rudolph, a former Utah inmate, filed this *pro se* civil rights suit,[1] proceeding *in forma pauperis*.[2]

Based on review of the Amended Complaint, in an order dated July 12, 2016, the Court concluded that official service of process was warranted on the defendants. The United States Marshals Service (USMS) was then directed to serve a properly issued summons and a copy of Plaintiff's Amended Complaint upon these defendants:

> **Timothy R. Hanson**
> **Karen Stam**
> **Charles Behrens**
> **Barbara Byrns**
> **Alex Huggard**
> **Katherine Bernards Goodman**
> **Erin Riley**
> **Michael Sibbett**
> **Keith Hamilton**
> **Jesse Gallegos**
> **Curtis Garner**
> **Jeremy Holt**

---

[1] *See* 42 U.S.C.S. § 1983 (2016).

[2] *See* 28 *id.* § 1915.

1

Based on that order, summonses were returned executed on Defendants Behrens, Huggard, Bernards Goodman, Riley and Garner.  Behrens and Bernards Goodman filed a motion to dismiss together, (*see* Docket Entry # 35), to which Plaintiff responded, (*see* Docket Entry # 41).  Huggard filed a separate motion to dismiss, (*see* Docket Entry # 18), to which Plaintiff responded, (*see* Docket Entry # 28).  Riley filed a separate motion to dismiss, (*see* Docket Entry # 37), to which Plaintiff has not responded.  And, Garner also filed a separate motion to dismiss, (*see* Docket Entry # 29), to which Plaintiff responded, (*see* Docket Entry # 33).

Having obtained new addresses for each of the other defendants, the Court again orders service on Defendants Timothy Hanson, Karen Stam, Barbara Byrne, Michael Sibbett, Keith Hamilton, and Jesse Gallegos.  The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Amended Complaint, along with this Order on Defendants Hanson, Stam, Byrne, Sibbett, Hamilton and Gallegos.

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

    (i) within 20 days of service, file an answer;

    (ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[3]; and,

---

[3] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).
    In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports.  The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims.  This, of course, will allow the court to dig

       (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants shall, within 20 days of service,

       (i) file an answer; or

       (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must,

       (i) file an answer, within 20 days of service;

       (ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

       (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing their answer.

    Plaintiff is notified that (s)he may, within 30 days of its filing, respond to a *Martinez* report if desired. Plaintiff is further notified that (s)he must, within 30 days of its filing, respond to a motion to dismiss or summary-judgment motion. Plaintiff is finally notified that, if Defendants move for summary judgment, Plaintiff cannot rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for

---

beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) USMS shall serve a completed summons, a copy of the Amended Complaint[4] and a copy of this Order upon Defendants Hanson, Stam, Byrne, Sibbett, Hamilton and Gallegos.

(2) Within 20 days of being served, Defendants must file an answer or motion to dismiss, as outlined above.

(3) If filing a *Martinez* report, Defendants must do so within 90 days of filing their answer.  Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answer.

(4) If served with a *Martinez* report, Plaintiff may submit a response within 30 days of the report's filing date.

(5) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(6) Summary-judgment motion deadline is 120 days from filing of answer.

(7) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answer.

(8) Plaintiff must within thirty days file a response to Defendant Riley's motion to dismiss.

(9) Defendants Behrens, Bernards Goodman, Huggard, and Garner shall, within thirty days, file with the Court proposed orders—with analysis and conclusions—based on each of

---

[4](*See* Docket Entry # 9.)

their motions to dismiss.  The proposed orders shall be prepared in Times New Roman font and otherwise comply with Court rules.  Defendants shall file the proposed orders in the CM/ECF system, using the Notice of Filing event and submit the proposed orders in word processing format to:  utdecf_prisonerlitigationunit@utd.uscourts.gov .  And Plaintiff shall file objections to each proposed order within thirty days of filing of the proposed order.

(10) Defendant Jeremy Holt is DISMISSED from this case.  The only mention of him in the Amended Complaint is that he wrote an "institutional parole memo."  This is not enough to affirmatively link Defendant Holt to violation of Plaintiff's civil rights.  (*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).

DATED this 5th day of January, 2017.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court