**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HENRY LEE RUDOLPH,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>TIMOTHY R. HANSON et al.,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER GRANTING DEFENDANT HUGGARD'S MOTION TO DISMISS**<br><br>Case No. 2:14-cv-883-CW<br><br>Judge Clark Waddoups |

Defendant Alex Huggard's Motion to Dismiss[1] is at issue here. Plaintiff responded to the motion.[2] Defendant replied to the response.[3] Defendant then filed a proposed order based on his Motion to Dismiss.[4] Finally, Plaintiff filed objections to the proposed order.[5] Having considered these filings and being fully advised, the Court grants Defendant's Motion to Dismiss.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth facts demonstrating a plausible claim for relief."[6] While a court will "presume[] the truth of all well-pleaded facts in the complaint," it "need not consider conclusory allegations" in determining whether a claim for relief is plausible.[7] When plaintiff's claims are time-barred, the defendant is entitled to dismissal under Rule 12(b)(6).[8]

---

[1] (Docket Entry # 18.)
[2] (Docket Entry # 28.)
[3] (Docket Entry # 30.)
[4] (Docket Entry # 55.)
[5] (Docket Entry # 62.)
[6] *Defeudis v. Wolfenden*, No. 2:13-cv-429-CW, 2013 U.S. Dist. LEXIS 79069, at *2 (D. Utah June 6, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[7] *Defeudis*, 2014 U.S. Dist. LEXIS 79069, at *5-6  (citations omitted).
[8] *See Kartiganer v. Juab County*, No. 2:10-cv-842-CW, 2012 U.S. Dist. LEXIS 73422, at *4-5 (D. Utah Apr. 6, 2012) (dismissing plaintiff's claims with prejudice because they are "time barred by the statute of limitations").

Because Plaintiff proceeds pro se, his pleadings are "'liberally construed'" and held to a "'less stringent standard than formal pleadings drafted by lawyers.'"[9] But "'a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury,'" and must therefore "'provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.'"[10] A court thus will not "'assume the role of advocate for a pro se litigant'" by "'supply[ing] additional facts" or "construct[ing] a legal theory for plaintiff that assumes facts that have not been pleaded.'"[11]

Plaintiff was tried three times for a burglary.[12] The first trial occurred in "late 1994" and the second and third occurred in early 1996.[13] Defendant was a police officer who investigated the crime scene and wrote police reports.[14] He testified at least twice--once at the first trial and once at the third trial.[15]

At his third trial, Plaintiff was convicted of aggravated burglary.[16] The Utah Supreme Court affirmed his conviction.[17] In that court, Plaintiff argued--as he does here--that "the prosecutor knowingly introduced false evidence and perjured testimony at his trial," including Defendant's testimony.[18] The Utah Supreme Court held that "[d]espite Rudolph's assertion that he

---

[9] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[10] *Rudolph v. Hanson*, No. 2:14-cv-883-CW, 2015 U.S. Dist. LEXIS 113125, at *1 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[11] *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

[12] (See Amended Compl., Docket Entry # 9, p.4.)

[13] *Rudolph v. Galetka*, No. 2:99-CV-371K, slip. op. at 2 (D. Utah July 21, 1999) (report & recommendation).

[14] *See State v. Rudolph*, 970 P.2d 1221, 1233 (Utah 1998).

[15] *Id.* at 1223–24, 1233.

[16] *Id.* at 1224.

[17] *Id.* at 1234.

[18] *Id.* at 1233.

is the victim of a police conspiracy, the evidence simply does not support the same."[19] The Court also specifically found that "Detective Huggard's testimony explaining the discrepancy between the various police reports was reasonable and apparently believed by the jury."[20]

This federal civil-rights case was filed December 5, 2014. The Amended Complaint asserts that, at trial, Defendant changed his story. Then he changed it again at the third trial. Plaintiff asserts that the story was changed as part of a conspiracy with other State employees to falsify evidence to obtain a conviction.

However, Petitioner's claim against Defendant is barred under the four-year statute of limitations for federal civil-rights claims brought in Utah. Thus the window for Plaintiff to bring this claim closed more than fifteen years ago.

"Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983."[21] And "[a]ctions under § 1983 normally accrue on the date of the [alleged] constitutional violation,"[22] as § 1983 claims "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action."[23] The Court notes that "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run,"[24] and "it is not necessary that a claimant know *all* of the evidence ultimately relied on for the cause of action to accrue."[25]

Thus, in applying the four-year statute of limitations to the facts of this case, the Court concludes that Plaintiff's claim here against Defendant Huggard is barred as untimely. Plaintiff's

---

[19] *Id.* at 1233–34.
[20] *Id.* at 1234.
[21] *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).
[22] *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012).
[23] *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994).
[24] *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (section 1983 case).
[25] *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).

1240767.1

claim arises from a single allegation: Defendant Huggard's allegedly false & conspiratorial tes-

timony at two of Plaintiff's criminal trials.[26] The latest of the three trials was in early 1996,

which is when Plaintiff's § 1983 claim accrued. The statute of limitations therefore expired

sometime in early 2000. And given the procedural history of Plaintiff's criminal appeals, he can-

not validly assert that he only recently discovered the injury he now alleges--he made nearly

identical allegations about the role of Defendant Huggard's testimony in the claimed conspiracy

in his 1998 criminal appeal.[27]

In short, Plaintiff's § 1983 claim against Defendant Huggard is barred by the applicable

four-year statute of limitations. As a result, regardless of whether Plaintiff can support the facts

alleged in his Amended Complaint, his claims against Defendant Huggard fail. Plaintiff's claims

are time-barred, and are accordingly dismissed with prejudice.

IT IS ORDERED that Defendant Huggard's motion to dismiss is GRANTED.[28] Defendant

Huggard is no longer a defendant in this case.

DATED this 20th day of March, 2017.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court

---

[26] (*See* Am. Compl., Docket Entry # 9, pp. 4–5 (alleging that "[a]t trial, Murray City Detective Alex Huggard changed his story" and that "[h]e changed it again at trial Three (3)").)
[27] *See Rudolph*, 970 P.2d at 1233–34.
[28] (*See* Docket Entry # 18.)

4