IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HENRY LEE RUDOLPH,<br><br>     Plaintiff,<br><br>v.<br><br>TIMOTHY HANSON et al.,<br><br>     Defendants. | **MEMORANDUM DECISION & ORDER OF DISMISSAL**<br><br>Case No. 2:14-CV-883-CW<br><br>District Judge Clark Waddoups |

  The Amended Complaint here alleges civil-rights violations regarding Plaintiff's prosecution and conviction by the State of Utah for a crime occurring on August 1, 1994. The procedural facts are best described by the Utah Supreme Court in *State v. Rudolph*, 970 P.2d 1221 (Utah 1998):

> The State charged Rudolph with aggravated burglary, aggravated sexual assault, and violation of a protective order. He appeared pro se with the assistance of standby counsel. Following a jury trial in late 1994, he was convicted of and sentenced on the charges of aggravated burglary and violation of a protective order, but was acquitted on the charge of aggravated sexual assault.
>
> Rudolph appealed his convictions to this court. Because significant portions of the trial transcript were incomplete due to technical problems with the court reporter's machinery, we summarily reversed his convictions and remanded his case to the trial court for a new trial on the aggravated burglary and violation of a protective order charges. On remand, the trial judge, Judge Timothy R. Hanson, recused himself, and the case was reassigned to Judge Pat B. Brian.
>
> In February 1996, Rudolph's new trial began, and he again appeared pro se. However, during the redirect examination of the State's first witness, the court granted Rudolph's motion for a mistrial. He also moved to recuse Judge Brian from further

> proceedings in the case. Although Judge Brian apparently granted this motion, he continued to preside over Rudolph's third trial.
>
> At the third jury trial, Rudolph was represented by court-appointed counsel. He was again convicted of aggravated burglary and violation of a protective order and was sentenced to concurrent prison terms as prescribed by statute. Rudolph now appeals from these convictions.

*Id*. at 1223-1224.

Plaintiff names these defendants: Timothy Hanson (judge at one of Plaintiff's criminal trials); Karen Stam (Plaintiff's public defender); Charles Behrens, Barbara Byrne, and Katherine Bernards Goodman (prosecutors); Erin Riley (Assistant Attorney General representing State in Plaintiff's state post-conviction proceeding); Michael Sibbett, Keith Hamilton, Jesse Gallegos, and Curtis Garner (Utah Board of Pardons and Parole (BOP) members).[1] Service of the Amended Complaint on Hanson, Byrne, Sibbett, and Hamilton remains unexecuted. Pending motions to dismiss have been filed by Stam, Behrens and Bernard Goodman (together), Riley, Gallegos, and Garner.

## UNSERVED DEFENDANTS

The Court ordered service on all defendants in this case; however, despite extra efforts, Hanson, Byrne, Sibbett, and Hamilton remain unserved. Even so, the Court exercises its screening authority to dismiss these defendants.

### A. Standard of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary

---

[1] Two defendants--Alex Huggard and Jeremy Holt--have already been dismissed from this action. (*See* Docket Entry #s 44 & 66.)

relief against an immune defendant. 28 U.S.C.S. § 1915(e)(2)(B) (2017). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Defendant Hanson

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Regarding the allegations here, Defendant Hanson acted in a judicial capacity in presiding over a criminal trial, so he is entitled to absolute immunity. *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished). Defendant Hanson is thus dismissed.

### C. Defendant Byrne

A prosecutor acting within the scope of her duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). As a prosecutor, Defendant Byrne's acts, as alleged by Plaintiff, relate to advocacy before the court. Defendant Byrne is therefore entitled to absolute prosecutorial immunity from this lawsuit.

### D. Defendants Sibbett and Hamilton

These defendants will be treated together with their fellow BOP members in a section below granting the motion to dismiss of Defendants Gallegos and Garner.

### E. Conspiracy Claim against all Defendants

The Court includes in its screening section its short analysis regarding Plaintiff's conspiracy claim. Such a claim requires Plaintiff to "specifically plead 'facts tending to show agreement and concerted action.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)). Plaintiff has not met this responsibility in his complaint; his vague assertions that multiple people lied to effect his illegal trial and incarceration, and, therefore, a conspiracy must be involved, are not enough. This claim is thus dismissed as to all defendants.

## MOTIONS TO DISMISS OF REMAINING DEFENDANTS

### A. Standard of Review

To withstand a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "'a court

must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] plaintiff must offer specific factual allegations to support each claim." *Id*. (citation omitted). A complaint survives only if it "'states a plausible claim for relief.'" *Id*. (quoting Iqbal, 556 U.S. at 679); *see also Manzanares v. Reyes*, No. 2:14-CV-40, 2015 U.S. Dist. LEXIS 136437, at *3-5 (D. Utah Sep. 14, 2015) (report and recommendation).

**B. Defendant Stam**

Defendant Stam's motion was filed February 9, 2017. (Docket Entry # 57.) Plaintiff was given thirty days to respond but did not. In any event, Defendant Stam's argument is irrefutable.

"It is axiomatic that before a litigant may pursue and claim that he has been deprived of a constitutional right--including the right to due process of law--he must first establish that the challenged conduct constituted 'state action.'" *United States v. Int'l Bd. of Teamsters*, 156 F.3d 354, 359 (2d Cir. 1998); *see also Lindsey v. Thomson*, 275 Fed. Appx. 744, 746 (10th Cir. 2007).

Public defenders do not act under color of state law when representing clients. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Shue v. Custis*, 531 Fed. Appx. 941, 942 (10th Cir. 2013) ("It is long established that public defenders do not act under color of state law while providing legal assistance to a client accused of criminal wrongdoing."). Public defenders act independent of any state authority. *See Zapata v. Public Defenders Office*, 252 Fed. Appx. 237, 239 (10th Cir. 2007). The Court thus grants Defendant Stam's motion to dismiss.

### C. Defendants Behrens and Bernards-Goodman

Plaintiff objected to Defendants' joint motion to dismiss. (Docket Entry #s 35 & 41.) Defendants persuasively argue that, as criminal prosecutors, they have absolute immunity from Plaintiff's claims as alleged.

"[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *PJ v. Wagner,* 603 F.3d 1182, 1195 (10th Cir. Utah 2010) (brackets in original) (internal quotation marks omitted) (quoting *Spielman v. Hildebrand*, 873 F.2d 1377, 1381 (10th Cir. Kan. 1989); *Imbler v. Pachtman*, 424 U.S. 409, 430 (U.S. 1976)). Both Defendants Behrens and Bernards-Goodman were deputy district attorneys at the time they prosecuted Plaintiff. Behrens represented the State of Utah in the first trial, and Bernards-Goodman represented the State of Utah in the third trial, and both are entitled to absolute immunity. The United States Supreme Court, in *Imbler,* held "that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. at 431. Plaintiff's allegations against Behrens and Bernards-Goodman relate only to their actions in prosecuting him. This entitles them to absolute prosecutorial immunity. *See Coleman v. Stephens*, No. 16-6057, 2016 U.S. App. LEXIS 11656, at *2 (10th Cir. June 23, 2016). Moreover, Plaintiff has alleged no facts which, taken as true, would remove Defendants from the coverage of prosecutorial immunity.

Accordingly, the Count concludes that Defendants Behrens and Bernard-Goodman are entitled to absolute immunity and the Amended Complaint should be dismissed with prejudice with respect to them.

### D. Defendant Riley

Plaintiff objected to Defendant's joint motion to dismiss. (Docket Entry #s 37 & 46.) Defendant persuasively argues that, as a criminal prosecutor representing the State in a post-conviction proceeding, has absolute immunity from Plaintiff's claims as alleged.

The Tenth Circuit has held, "'Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate.'" *Ellibee v. Fox*, 244 Fed. Appx. 839, 844-45 (10th Cir. 2007) (quoting *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003)); *see also Robinson v. Volswagenwerk AG*, 940 F.2d 1369, 1373 (10th Cir. 1991) ( noting absolute immunity also has been extended to government lawyers involved in civil proceedings). In *Ellibee*, the Plaintiff tried to say that prosecutorial immunity did not apply to counsel "acting as a defense counsel for the stat in a civil habeas action" and was explicitly rejected by the Tenth Circuit. *Id.*

The Count therefore concludes that Defendant Riley is entitled to absolute immunity and the Amended Complaint should be dismissed with prejudice as to her.

### E. Defendants Sibbett, Hamilton, Gallegos and Garner

Defendant Garner filed a motion to dismiss. (Docket Entry # 29.) Plaintiff responded. (Docket Entry # 33.) Defendant Gallegos filed a substantially similar motion to dismiss. (Docket Entry # 59.) Plaintiff filed objections to their arguments. (Docket Entry # 61.)

Because the arguments for Garner and Gallegos are essentially the same as those that would be made for Sibbett and Hamilton, the Court grants the motions to dismiss as to all four of

these BOP defendants. (Garner's Motion to Dismiss, Docket Entry # 29, p. 5 n.2) ("Although they have yet to be served, these same arguments apply to former Utah Board of Pardons and Parole members Michael Sibbett, Keith Hamilton, and Jesse Gallegos. Requiring service upon them is therefore futile and a waste of judicial resources.").

The Tenth Circuit has long held that members of the BOP are "absolutely immune from damages liability for actions taken in performance of the [BOP's] official duties." *Knoll v. Webster*, 838 F.2d 450 451 (10th Cir. 1988). This means that these BOP defendants may not be sued because Plaintiff did not like or disagreed with decisions they made as members of BOP. None of the Amended Complaint's claims overcome BOP Defendants defense of absolute immunity. The Court therefore grants BOP Defendants' motions to dismiss.

## CONCLUSION

In screening the Amended Complaint, the Court concludes that it fails to state a claim upon which relief may be granted regarding Defendants Hanson and Byrne and Plaintiff's broad conspiracy claim construed to be against all Defendants.

**IT IS THEREFORE ORDERED** that Defendants Hanson and Byrne and Plaintiff's conspiracy claim construed against all Defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that motions to dismiss as to Defendants Stam, Behrens, Bernards-Goodman, Riley, Sibbett, Hamilton, Gallegos, and Garner are all **GRANTED**. (Docket Entry #s 29, 35, 37, 57 & 59.)

**IT IS FINALLY ORDERED** that Plaintiff's motion for relief from the order dismissing Defendant Huggard is **DENIED**. (Docket Entry # 72.)

This case is **CLOSED**.

DATED this 2nd day of October, 2017.

BY THE COURT:

*[signature: Clark Waddoups]*

CLARK WADDOUPS
United States District Judge