THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HENRY LEE RUDOLPH,<br><br>      Plaintiff,<br><br>v.<br><br>TIMOTHY HANSON et al.,<br><br>      Defendants. | **MEMORANDUM DECISION &<br>ORDER DENYING MOTION FOR<br>RELIEF FROM JUDGMENT**<br><br>Case No. 2:14-CV-883 CW<br><br>District Judge Clark Waddoups |

  On December 5, 2014, Plaintiff filed this *pro se* federal civil-rights action. (ECF No. 3.) Plaintiff's Amended Complaint alleges civil-rights violations regarding Plaintiff's prosecution and conviction by the State of Utah for a crime occurring on August 1, 1994. (ECF Nos. 9, 76.) In 2017, Defendants were dismissed on various grounds--i.e., an expired statute of limitations, immunity, and failure to state a claim upon which relief may be granted. (ECF Nos. 66, 76.)

  On September 12, 2018, the Tenth Circuit affirmed the dismissal, saying, "The district court's decision is soundly based on legal precedent and principles, and Plaintiff's brief on appeal offers no authority or argument that calls the decision into question." (ECF No. 82, at 3.)

  Nearly six years later, Plaintiff filed in this Court a document titled, "Motion for Reconsideration for Newly Discovered Evidence, Fraud upon the Court, Abuse of Judicial Discretion, Lack of Jurisdiction and Erroneous Views of Both State and Federal Law." (ECF No. 84.) The document appears to be almost entirely devoted to relitigating (from Plaintiff's perspective of course) Plaintiff's state criminal convictions. (*Id.*)

The Court interprets Plaintiff's motion as a request for relief from judgment under Federal Rule of Civil Procedure 60(b), which states in relevant part, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons [of] mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Meanwhile, Rule 60(d) reads, "This rule does not limit a court's power to . . . set aside a judgment for fraud on the court." *Id.* R. 60(d). Perhaps Plaintiff's arguments fall under the ground of mistake, in light of his reference to "erroneous views of . . . law." (ECF No. 84.) Aside from that, he contends there has been "fraud upon the court," though he does not say which court. (*Id.*) Crucially, Plaintiff has not supported his motion with any evidentiary support. (*Id.*)

Plaintiff's motion is not well taken. First, he does not at all address the reasons why the Court originally dismissed this action--i.e., an expired statute of limitations, immunity, and failure to state a claim upon which relief may be granted. (ECF Nos. 66, 76.) Thus, he cannot have identified any mistakes in this Court's decision. Second, Plaintiff does not say or show that there was any fraud on *this* Court that affected the judgment against him. And, third, Plaintiff provides no documentary support for his arguments.

**IT IS ORDERED** as follows:

**(1)** Plaintiff's motion for relief from judgment is **DENIED**. (ECF No. 84.)

**(2)** Defendant Stam's motion to strike is **DENIED**. (ECF No. 87.)

**(3)** This action remains closed.

DATED this 11th day of March, 2025.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court